IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 5, 2013 Session


**FRANCES WARD v. WILKINSON REAL ESTATE ADVISORS, INC. DBA
THE MANHATTEN ET AL.**


**Appeal from the Circuit Court for Anderson County
No. B2LA0121       Donald Ray Elledge, Judge**

---

**No. E2013-01256-COA-R3-CV-FILED-NOVEMBER 26, 2013**

---


CHARLES D. SUSANO, JR., J., concurring.

I concur in the majority's decision to affirm the judgment of the trial court. I write separately to express the reasons for my concurrence.

Since the proposed amendment adding the Wilkinson defendants was filed well beyond the applicable one-year statute of limitations, an allowance of the amendment would be futile unless it relates back, under the provisions of Tenn. R. Civ. P. 15.03 (1995), to the date of filing of the original complaint against the Glazer defendants. It is clear under Rule 15.03 that we are dealing in this case with an amendment "changing the party . . . against whom a claim is asserted." *Id*. The new parties – the Wilkinson defendants – are totally different entities from the Glazer defendants. There can be no doubt that the plaintiff wants to change parties.

The plaintiff's position is set forth in her brief:

> In the case at bar, the original Complaint was filed on April 9, 2012. The Amended Complaint was filed on April 17, 2012 and the Wilkinson Defendants were served within 120 days of the filing of the original suit, on April 30, 2012, and May 23, 2012. When the Wilkinson defendants were served with this suit within 120 days of the filing of the original Complaint, they received notice of the actual suit and were also notified that but for a mistake regarding the identity of the proper defendants they would have been included in this suit. Thus, the requirements of Rule 15.03 regarding notice were satisfied. The

amended Complaint will therefore relate back to the date of
filing the original Complaint, which was April 9, 2012.

The plaintiff has misconstrued the thrust of Rule 15.03. Her interpretation of the rule would lead to the following strained result: a plaintiff, who sued a wrong entity/person, would be allowed to tack on an additional four months to the period of a statute of limitations, provided the correct party was served with the amendment to add the new defendant within four months of the expiration of the statute of limitations period. This is simply not the law.

Rule 15.03 permits the relation back of an amendment

. . . if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In the present case, the real focus of the rule is *on the Wilkinson parties* and what they knew and when they knew it. The plaintiff is wrong in believing that the thrust of the rule pertains to her and the information she received that prompted her to file her amendment. Under Rule 15.03, a plaintiff is permitted to late-file an amendment and have it relate back to the date of filing of the original suit if, *prior to the filing of the amendment*, the new party – here the Wilkinson defendants – has "received such notice of the institution of the [original] action that the party [to be brought in] will not be prejudiced in maintaining a defense on the merits, and . . . [that party] knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." In the case before us, we know that *the plaintiff* knew, shortly after the filing of the initial complaint, that she had sued the wrong party. However, there is nothing in the record to suggest that, prior to the filing of the amendment, the Wilkinson defendants had any notice or knowledge of the lawsuit. There is no relationship between the Glazer defendants and the Wilkinson defendants which would indicate that the latter defendants would have had any communication from the Glazer defendants afer the original lawsuit was filed. Contrary to the plaintiff's argument, this lack of a relationship is important in showing a lack of notice and knowledge on the part of the Wilkinson defendants.

Rule 15.03 does not permit the application of the relation back doctrine to the plaintiff's late-filed amendment.

Accordingly, I concur.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE